**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHREENATH HOLDING LLC**, <br><br> Appellant, <br><br> v. <br><br> **KAREN E. BEZNER**, <br><br> Appellee. | Civil Action No. 23-1721 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon an Emergent Motion to Stay the Bankruptcy Court's Order Pending Appeal filed by Movants Shreenath Holding, LLC ("Debtor") and Parag Parikh (collectively, "Movants"). ("Motion", ECF No. 5.)  Movants filed a Moving Brief in support of their Motion.[1]  ("Moving Br.", ECF No. 3-1.)  The Motion is currently unopposed.  Given the emergent nature of Movants' application, the Court addresses it immediately.

    The Court has carefully considered the submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below, the Court will DENY Movants' Motion to Stay the Bankruptcy Court's Order Pending Appeal.

---

[1] The Court's docket reflects that Movants actually filed two motions: a first Motion seeking to stay the Bankruptcy Court's decision pending appeal and to also stay the Bankruptcy Court's Order authorizing the sale of the real property at 1700 East Second Street in Scotch Plains (ECF No. 3); and a second Motion also seeking the same relief (ECF No. 5).  For the sake of simplicity, the Court refers to the second Motion at (ECF No. 5)

I.      BACKGROUND AND PROCEDURAL HISTORY

The instant matter was filed as an appeal from the Bankruptcy Court's Order issued February 22, 2023 that authorized the sale of certain real property.[2] (ECF No. 1.)

According to Movants, on June 15, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 pursuant to the United States Bankruptcy Code. (Moving Br. ¶ 1; "Bankruptcy Tr. Doc 69", ECF No. 16-3, at 10:16-19.) The Debtor's petition listed itself as a "Corporation." Parag Parikh is the Debtor's designee and principal. ("Affidavit", ECF No. 5-1, at 1.) On November 1, 2022, the Court entered an Order converting the Chapter 11 bankruptcy to a Chapter 7. ("Bankruptcy Tr. Of Doc 54", ECF No. 16-2, at 13:8-12.) According to Movants, on November 1, 2022, Karen E. Bezner, Esq. was appointed chapter 7 Trustee (the "Trustee"). (Moving Br. ¶ 11.) On November 10, 2022, the Trustee filed an application for retention of a professional, ERA Suburb Realty Agency to serve as a realtor to market and sell the real property at 1700 East Second Street, Scotch Plains, New Jersey 07076 (the "Property"), with a 5% commission on the sale to the realtor. (*Id.* ¶ 13.) Movants assert that on November 14, 2022, ERA Suburb Realty Agency listed the property for sale, and on November 18, 2022, the Bankruptcy Court entered an Order authorizing the retention of ERA Suburb Realty Agency as the real estate broker (the "Realtor"). (*Id.* ¶¶ 14–15.) On January 13, 2023, the Trustee filed a notice of motion authorizing the sale of the Property to Westfield Cranford Plaza V, LLC for the purchase price of $650,000.00, pursuant to 11 U.S.C. § 363(b) and (f). (Bankruptcy Tr. Doc 69, at 16:22-25 – 17:1-3.) Following this agreement, the Trustee filed a notice of motion confirming rejection of the lease that encumbered the Property pursuant to 11 U.S.C. § 365(a), and directed the tenant to vacate the

---

[2] The underlying Bankruptcy Court matter is docket No. 22-14886.

property within thirty days, and authorized the Trustee to secure and empty the Property. (Bankruptcy Tr. Of Doc 54, at 19:3-16.)

On February 14, 2023, Parag Parikh filed a letter to the Court regarding the motion to sell, explaining that Debtor made a higher and better offer to purchase the Property in the amount of $675,000.00. (Bankruptcy Tr. Doc 69, at 17:12-20.) However, on February 22, 2023, the Bankruptcy Court entered an order authorizing the sale of real property by the Trustee to Westfield Cranford Plaza V, LLC for the purchase price of $650,000.00. (*Id.* at 16:22-25 – 17:1-3.)

On March 7, 2023, the Debtor filed a motion to reconsider the February 22, 2023 order authorizing the sale of the Property, as well as a proposed order for a stay pending appeal. ("Campbell Affidavit", ECF No. 5-1, ¶ 2.) On March 16, 2023, the Debtor filed a cross-motion to stay the sale, both pending outcome of the motion for reconsideration and appeal which was also denied. (*Id.* ¶ 3.) On March 23, 2023, the Bankruptcy Court entered an order confirming title to the Property and the absence of a stay, relieving the 14-day stay provision, and denying the Debtor's motion for reconsideration. (*Id.* ¶ 4.)

Movants appeal the Bankruptcy Court's order and filed the instant Motion seeking to stay the Bankruptcy Court's decision pending appeal. (ECF No. 5.)

## II.    LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158 (a). A district court reviews a bankruptcy court's "legal determination de novo, its factual findings for clear error[,] and its exercise of discretion for an abuse thereof." *In re Rashid*, 210 F.3d 201, 205 (3d Cir. 2000); *see* Fed. R. Bankr. P. 8013 ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on

oral or documentary evidence, shall not be set aside unless clearly erroneous.") Also, the Court, when addressing mixed questions of law and fact, divides the questions into their respective components and applies the appropriate standard to each. *In re Brown*, 951 F.2d 564, 567 (3d Cir. 1991).

### III.  DISCUSSION

Movants seek an emergent temporary interim stay during the time in which the Court considers the instant appeal pursuant to Fed. R. Bankr. P. 8007. "Under [Rule] 8007, a party can move to stay the effect of a bankruptcy court order pending a resolution on appeal." *In re Revel AC, Inc.*, 802 F.3d 558, 567-68 (3d Cir. 2015); *see also* Fed. R. Bankr. P. 8007. When considering an emergent stay related to a bankruptcy appeal, courts apply a standard of review akin to that of a preliminary injunction, and analyze the following factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 568 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). While courts must "consider the relative strength of the four factors," *id.* (quoting *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011)), the first two factors are the most critical to the analysis. *Id.* (internal citations omitted). For the first factor, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *Id.* at 568-69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). For the second factor, "the applicant must 'demonstrate that irreparable injury is likely [not merely possible] in the absence of [a] [stay].'" *Id.* at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If an appellant satisfies the first two factors, the court will weigh any harm to the

opposing party and consider the public interest. *Id*. (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). These factors are examined as a "sliding scale," in that

> all four stay factors are interconnected and the analysis proceeds as follows:
> "Did the applicant make a sufficient showing that [(1)] it can win on the merits[—]significantly better than negligible but not greater than 50%[—]and [(2)] will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a sliding[-]scale approach. However, if the movant does not make the requisite showings on either of these [first] two factors, the[] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis."

*S.S. Body Armor I, Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019) (quoting *Revel*, 802 F.3d at 571) (internal quotation marks omitted).

Here, Movants argue that the "bankruptcy court abused its discretion in denying the motion for reconsideration and proceeding with the order authorizing the sale of property because the court erred in not addressing both Federal Rules of Civil Procedure 59(e) and 60" and because "[t]he court . . . made its determination based off factually incorrect information." (Moving Br. at 15.) Debtor argues that another buyer was offering $25,000 more to purchase the property—a price that would have been closer to the Property's appraisal price. (*Id.*) Because the Court ignored this higher offer, the Bankruptcy Court abused its discretion and risks irreparably harming Movants by selling the Property at a lower price and leaving Movants without a property. (*Id.* at 15–17.) Lastly, Movants argue that a stay would harm "no other party", and "the public interest favors this injunctive relief in order to afford the Constitutional protection to the right to the use and enjoyment of property." (*Id.* at 18.)

    1.    <u>Likelihood of Success</u>

To show a likelihood of success, the Movants must show "a reasonable chance, or probability, of winning." *Revel*, 802 F.3d at 568 (quoting *Singer Mgmt. Consultants, Inc.*, 650

F.3d at 229). So, while the movants must show that their chances of success are more than negligible, they need not show that it is more likely than not that their appeal will be successful. *See id*. at 569 (citing *Nken*, 556 U.S. at 434, and *Singer Mgmt. Consultants*, 650 F.3d at 229).

When analyzing the first factor, Movants' contentions and bald accusations do not provide the Court with adequate support to demonstrate that they will prevail on the merits. Movants assert that the Bankruptcy Court abused its discretion by "not addressing both Federal Rules of Civil Procedure 59(e) and 60," yet they provide no substantive details concerning how the Bankruptcy Court did so. (*See In re Supportive Health, LLC*, Civ. No. 22-6709, 2022 LEXIS 212558, at *6 (D.N.J. Nov. 22, 2022) (denying motion to stay pending appeal because the plaintiff "provide[d] no substantive details concerning how the court . . . actually perpetrated any alleged fraud."). Moreover, Movants' contention that they are likely to succeed based on an offer that was $25,000 more "already been addressed by the bankruptcy court's consideration of prior motions" as admitted by Movants themselves. *See id.* (denying motion to stay pending appeal because the plaintiff "revisits issues that have already been addressed by the bankruptcy court's consideration of prior motions."). Movants makes conclusory statements concerning the allegations they put forth, but do not supply legal or factual bases demonstrating how they will prevail on the merits of the claims, and do not provide detailed information concerning the abusive actions they allege. *See id.* For all these reasons, the Court finds that Movants' showing is deficient as to their likelihood of success on the merits.

    2.    <u>Irreparable Injury</u>

The second factor appears to weigh in favor of Debtor, given that it may lose the Property and not be able to reacquire it. "Whether the second factor tilts [Movants'] way is largely beside the point, however, because [they have] not demonstrated a likelihood to prevail on the merits." *Id.* Thus "the[] inquiry into the balance of harms [and the public interest] is unnecessary, and the

stay should be denied without further analysis." *S.S. Body Armor I., Inc*., 927 F.3d at 772 (quoting *Revel*, 802 F.3d at 571) (internal quotations omitted). Accordingly, Movants' Motion will be denied.

### IV.     CONCLUSION

For the reasons stated above, the Court will DENY Movants' Motion. An appropriate Order will follow.

Date: **April 6, 2023**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**